JOHN J. KEMPSKI, JR., JOSEPH F. KEMPSKI, MARY A. SZWED, Executors under the last Will and Testament of John J. Kempski, deceased,

*vs.*

JOHN LESZCZYNSKI, LENA LESZCZYNSKI.
*New Castle, Nov.* 25, 1931.

*Victor J. Colombo,* for complainants.

*John F. Lynn,* for defendants.

THE CHANCELLOR: The contract calls for a good fee simple marketable title. The defendants object to the title because of a defect of record. The chain of title traces back to one John Harkins who assumed to devise the property in question to his wife in fee simple. Harkins' will was probated in 1901. No objection is made to the record of the title as it appears subsequent to Harkins' death.

But it is objected that the record fails to show a fee simple in Harkins, and that therefore he had no disposable interest in the property.

The controversy turns upon the effect of a deed executed by John A. Brown and Nancy, his wife, dated June 29, 1867, and duly recorded. The description in the deed covers the land in question. John Hawkins is named as the party of the second part in the deed, and the granting clause conveys the property to the said John Hawkins, his heirs and assigns. The *habendum* clause is as follows: "To have and to hold the said lot * * * unto the said John
r
Hawkins his Heirs and Assigns, to and for the only proper use and behoof of the said John Hawkins his Heirs and Assigns forever." After the *habendum* clause there follows a general warranty of title in which "the said John Harkins" is twice mentioned. The deed was in the form frequently used in earlier times, in which a receipt of the purchase money was separately signed by the grantor. The receipt follows the signatures and seals of the grantor and his wife and precedes the acknowledgment. The receipt is as follows:

> "Received the day of the date of the within Indenture of the within named John Harkins full satisfaction for the consideration money within named.
>
> "John A. Brown.
> "Witness
> "Thomas Young."

It appears from the foregoing that whatever defect there may be in this chain of title is due to the carelessness

of the scrivener in spelling the name of the grantee as Hawkins and then again spelling it as Harkins. At one place, viz., in the *habendum* clause, Hawkins was changed to Harkins by crossing out the "w" and writing an "r" above it.

The question presented by this state of the record is whether the grantee in the Brown deed was John Hawkins or John Harkins. I find it unnecessary, for the present purpose, to decide the question of whether the legal title was conveyed to John Hawkins or to John Harkins. This is for the reason that if it was conveyed to John Harkins, the chain of title is concededly free from any flaw. If on the other hand the legal title was conveyed to John Hawkins, it was in trust for John Harkins, because John Harkins paid the full consideration money as is evident from the receipt. The acceptance of the deed by a supposed John Hawkins would constitute an admission by him that the purchase money had been paid by John Harkins according as the deed represented the fact to be. There being nothing in the case to the contrary, I therefore conclude that John Harkins, whoever was the legal grantee, paid the full purchase price. Where one pays the entire purchase price of land and title is taken in the name of another, a resulting trust arises in favor of the party paying the purchase money. *Harvey v. Pennypacker, et al.,* 4 *Del. Ch.* 445, 459; *St. Stephen's Church v. Pierce,* 8 *Del. Ch.* 179, 68 *A.* 194. There are no circumstances appearing in this case which rebut the presumption that if the legal title was taken in the name of one John Hawkins it was nevertheless for the beneficial use of John Harkins who paid the purchase price. The trust in such an event was a dry one and would become executed in John Harkins.

So that whichever alternative be accepted, viz., whether the deed is to be taken as intending to designate John Harkins as the grantee or John Hawkins as the grantee, the result is the same. John Harkins in the one event received it as the legal grantee, and in the other event as the owner of the beneficial interest with John Hawkins as the holder

of the naked legal title which, without the necessity of a conveyance, became vested in Harkins.

Decree for the complainants.